ROBINSON *v.* MADISON COUNTY.

[82 South. 307, Division A. No. 20787.]

COURTS. *Circuit court. Official stenographer. Compensation.*

Where a special term of the circuit court of Madison County was held under the provision of section 988, Code 1906 (Hemingway's Code, section 808), the time for such special term being taken off of the time allotted to the county of Hinds, the official court stenographer for the district in which Madison County is situated, who served as such during such special term, was not entitled to compensation therefor from Madison County, since chapter 232 Laws 1916, contemplate that stenographers shall receive fifty dollars for each week of court scheduled to be held in his district and no more, no provision being made for special terms.

APPEAL from the circuit court of Madison county.
HON. W. H. POTTER, Judge.

Claim by C. W. Robinson against Madison County. From an order of the judge of the circuit court declining to approve Robinson's account, he appeals.

The facts are fully stated in the opinion of the court.

*Ridgeway, Enoch & Ridgeway,* for appellant.

We cannot agree with the learned assistant attorney-general upon his construction of the statute by the application of the rules of grammar. We admit that the

word "scheduled" is a verb in the past tense. But we do not admit that that fact shows that the legislature only intended to pay stenographers for weeks of court scheduled for regular terms in chapter 20 of the Code of 1906. We contend that the past tense was the proper tense to bear out our contention as to the intention of the legislature.

According to the learned assistant attorney-general, if the legislature should in the future amend the weeks of court scheduled for regular terms in chapter 20, by reducing the number, the stenographer would still draw his salary on the basis of the number of weeks scheduled at the time the amendment of section 4792 by chapter 232, Acts 1916. We submit, that the salary of stenographers would flunctuate by amendments of chapter 20, regardless of an amendment of chapter 232, Acts 1916. The use of the verb "scheduled" was from the standpoint and time when a stenographer asked for pay, whether now or ten years from now. Heretofore the stenographer got pay for weeks of court "held," and the amendment attempted to increase the pay by paying him the same rate per week, but for weeks of court "scheduled" to be held, which would be in his favor most likely, for all courts to be legal, must be "scheduled;" but all courts scheduled to be held are not always held.

On page 1117 of 36 Cyc., we find the following in reference to the rules of grammar in the construction of statutes, to wit: "The ordinary rules of grammar will be applied for the purpose of ascertaining the meaning of a statute but, after all, they are only rules of construction, and will yield to the clearly disclosed legislative intent."

We submit, first, that the grammar of the statute is correct to bear out our contention of the proper construction of the statute, and second, that if it were not, the legislative intent is clearly disclosed.

We submit for the court's consideration in construing the amendment, the following propositions, to-wit: 1. That under the old law stenographers were paid a salary by the week. 2. That under the new law they are paid a salary by the week. 3. That under the old law they were paid a salary for weeks of court, or parts of weeks, actually held. 4. That under the new law they are paid a salary for weeks of court scheduled to be held. 5. That under the old law they were paid for weeks of court special terms. 6. That the new law was the outcome of what is termed a "stenographer's bill," which was of course was a bill for more pay. 7. That the intention of the new law was to increase the pay of stenopraphers. 8. That the only way to give them more pay, and keep the salary at fifty dollars per week, was to give them more weeks for which they might draw fifty dollars per week. 9. That to fix the salary at fifty dollars per week for only weeks of court scheduled for regular terms, not only might not give them more pay, but might give them less. 10. That by fixing the salaries of stenographers at fifty dollars per week for weeks of court scheduled for both regular and special terms, they might be given more pay, and in no event less. 11. That if the legislature had meant they should be paid for only weeks of court scheduled for "regular" terms, it would have said so, especially in view of the fact that they heretofore drew pay for "special" terms. 12. That the legislature did not think of a term of court not being scheduled, as such a court is unknown to the law, and all acts done at such a term would be *coram non judice.* 13. That the legislature intended that the rate should be fifty dollars per week as heretofore, which was doubtless its reason for not tampering with the section on the pay of temporary stenographers, which goes to show that it was meant that special terms were to be included. 15. That in view of the fact that the intention of the legisature was

to increase the pay of stenographers, as opposing coun-
sel concedes, any doubt in the construction should re-
solved in favor of the stenographers.

We ourselves are not in doubt as to the construction,
but that lack of doubt may be due to our partisanship.
We submit, that if there is a doubt, it ought to be re-
solved in favor of an increase of pay for the steno-
graphers, as such was clearly the intention of the legis-
lature.

*Earl N. Floyd,* assistant attorney-general, for Madison
County.

This case comes on an appeal from the circuit court of
Madison county wherein suit was brought against the
board of supervisors of said county for the recovery
of one hundred dollars alleged to be due to the appellant,
the official court stenographer, for the services performed
as such at a special term of the circuit court of said
county. The county demurred to the declaration and
the judgment sustaining the demurrer invokes but one
question, to wit: Does section 4792, Code of 1906, as
amended by chapter 232, Laws of 1916, provide extra
compensation to the court stenographer for attending
special terms of circuit court? The court will observe
that section 4792, Code of 1906, provided that the steno-
grapher should receive a salary of fifty dollars per week,
or part of a week, in which the court shall be held. Un-
der the provisions of this section before amended the
stenographer received compensation only for each week
or part thereof that he actually served, whereas chap-
ter 232, Laws of 1916, provided that: "The steno-
grapher shall receive a salary of fifty dollars each
week of court scheduled to be held in his district, pay-
able out of the treasury of each county in which court is
scheduled to be held, after having his account approved
by the judge and presenting same to the board of super-
visors of said county." The effect of this amendment

was to put the stenographer on a fixed salary rather than to make it depend upon the number of weeks of court actually held. In other words, under the law as amended, the stenographer receives conpensation for each week of court scheduled in his district, irrespective of whether any, or all of them, are afterwards pretermitted or whether the full number of weeks scheduled be held or not.

The appellant contends that the verb "scheduled" refers to any special term of court called by the judge under the statute so providing, whereas our contention is that the verb "scheduled" used in its past tense refers to the number of weeks of court prescribed in the statutory schedule embodied in chapter 20 of the Code of 1906, and amendments thereto. The special terms of court, under this provision carry no extra compensation to the court stenographer, but nevertheless constitute a part of his duty under the amended Act of 1916. The whole solution of the question involved depends in its last analysis upon the meaning of the verb "scheduled." In Webster's International Dictionary "scheduled" is defined as "a written or printed scroll or sheet of paper; document; especially a formal list of inventory; a list or catalogue annexed to a larger document, as to a will, a lease, a statute, etc." The verb "scheduled" according to the same authority, means "to form into or place in a schedule."

Now, when the legislature passed this Act of 1916, its effect obviously was both to enlarge and stabilize the stenographer's salary; for instance, if forty weeks of court were scheduled in his district, he would receive a salary of two thousand dollars, a decided increase in the compensation theretofore allowed. It is true that special terms of court in addition to those scheduled may be called and that it is the duty of the stenographer to serve therein, but it is to be noted that the language of chapter 232, *supra,* does not provide that the com-

pensation shall be allowed for weeks of court to be scheduled by the circuit judge under the authority existing therefor. Our view is that when the past tense of the verb "schedule" was used, the legislature had in mind the computation of the salary on a then known basis; that is, according to the number of weeks contained and fixed in the statutory schedule. We submit that the proper grammatical construction of the word can only refer to something already existing, which is to say the schedule fixed by the statute. Counsel for appellant, in the very splendid brief filed, attempts to show that this act will not admit of this construction. When the provisions of section 4794 Code of 1906, Hemingway's Code 3147 are applied to it, this section provides that where the court stenographer is absent, the judge may appoint another stenographer *pro tempore* who shall discharge the duties of the official stenographer and be paid therefor out of the salary of the same. The contention, and by the way, the most forceful contention, made is that if the appellee's view are true the temporary stenographer would, in case of a special term of court, be entitled to only what the regular stenographer would be, and since the latter would be entitled to nothing, the temporary stenographer likewise would be forced to go without compensation. In this connection, it is well to remember that the latter section was a part of the statutes and was not amended by the Act of 1916 which affected alone the basis of computing the salary. The provisions in regard to the compensation of the temporary stenographer were thoroughly consonant with the law before it was amended. As neither regular nor temporary stenographer received compensation except for the time actually served. The suggestion made by appellant's counsel that where the regular stenographer had drawn his full compensation, the special stenographer would be without any, is answered by referring to section 4789, Code of 1906, and section 3142, Heming-

way's Code, which provides that the regular steno-
grapher shall give a bond in the sum of not less than
two thousand dollars conditioned upon the faithful
discharge of his duties.     Under this section, it is ob-
vious that if the board had inadvertently allowed the
regular stenographer to draw his full pay before the
end of the year, the proper resort would be to require
him, under this bond, to "faithfully discharge his duty"
by paying the amount due the temporary stenographer
for the time served.

To repeat, the whole proposition hinges upon the
meaning given to the verb "scheduled" whether it means
the number of weeks fixed by the statute and referred
to, or whether it is to be given such a meaning as to
cover any additional weeks that may be called as special
sessions by the judges.

I respectfully submit that the legislature had but one
thing in mind and that was to fix the salary of the steno-
grapher on a fixed basis and to make inflexible the mode
of arriving thereat.

SMITH, C. J., delivered the opinion of the court.

A special term of the circuit court of Madison county
was begun on the third Monday of March, 1919, under
the provisions of section 988, Code of 1906 (section
708, Hemingway's Code), and continued in session for
two weeks.     The appellant, who is the official court
stenographer for the district in which Madison county
is situated, served as such during this special term, and
at the close thereof presented to the judge of the court
for allowance his account of fifty dollars per week against
the appellee for services rendered by him as stenograph-
er at the special term of court, which account the judge
declined to approve, and from his order so doing this
appeal is taken.

Chapter 232, Laws of 1916, contemplates that the
stenographers of the circuit courts shall receive a "sal-

ary of fifty dollars for each week of court scheduled to be held in his district," and no more, and the courts scheduled to be held are the regular terms thereof pro
vied for in the statute fixing the terms of the court for the district.  No provision is made for special terms, probably for the reason that a special term in one county is usually held during time scheduled, but not used, for another county.  In the case at bar the special term was taken off of part of the time alloted to the county of Hinds, for which the appellant, we presume, has been paid by that county.

*Affirmed.*